**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STACY PRICE, and CHAD JAMES, | ) | |
| individually and as parents and next | ) | |
| friend, for the minor child, K.J., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1076-M |
| | ) | |
| DALE E. WOLFORD, D.O., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This case is scheduled for trial on the Court's June 2008 trial docket.

Before the Court is plaintiffs' Motion for Partial Summary Adjudication, filed April 7, 2008.

On April 25, 2008, defendant filed his response, and on May 6, 2008, plaintiffs filed their reply.

Also before the Court is plaintiff's Motion to Strike Defendant's Summary Judgment Evidence, filed

May 6, 2008.  On May 14, 2008, defendant filed his response.  Based upon the parties' submissions,

the Court makes its determination.

I.    Introduction

On May 21, 2004, plaintiff Stacy Price presented to Grady Memorial Hospital for induction

of labor.  Defendant Dale E. Wolford, D.O. ("Dr. Wolford") was her obstetrician and delivered

plaintiffs' daughter, K.J.  At 7:20 p.m., there was fetal heart rate deceleration with prolonged

bradycardia caused by compression of K.J.'s umbilical cord.  While the emergency cesarean section

team was being called in, Dr. Wolford elected to try immediate vaginal delivery with the use of a

vacuum extractor.  Unfortunately, the two attempts with the vacuum extractor were unsuccessful.

Shortly thereafter, Dr. Wolford delivered K.J. by C-section. K.J., unfortunately, suffered serious

and significant injuries, including severe brain damage, cerebral palsy, infantile spasms, scoliosis, and blindness.

On September 25, 2007, plaintiffs filed the instant medical malpractice action against Dr. Wolford.  Plaintiffs now move this Court for partial summary judgment on the following issues:  (1) the use of the vacuum extractor, and (2) informed consent regarding the use of the vacuum extractor.

II.   Motion To Strike

Plaintiffs move to strike the affidavit of Dr. Mark Garrison, which is attached as Exhibit 6 to Dr. Wolford's Response to Plaintiffs' Motion for Partial Summary Adjudication.  Plaintiffs contend the affidavit should be stricken because it contains testimony which is not based upon personal knowledge.  Specifically, plaintiffs contend that in his affidavit, Dr. Garrison does not state that he was present for the delivery of K.J., does not state how he obtained any personal knowledge of the events that took place during the delivery of K.J., and does not state the basis for his opinions. In his response, Dr. Wolford attaches a second affidavit of Dr. Garrison which sets forth the basis for his opinions and how he obtained personal knowledge of the events that took place during the delivery of K.J.

Federal Rule of Civil Procedure 56(e)(1) provides:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed. R. Civ. P. 56(e)(1).

Because plaintiffs have been aware that Dr. Garrison is an expert witness for Dr. Wolford and because plaintiffs have previously been provided with Dr. Garrison's expert report, the Court finds that it was permissible for Dr. Wolford to supplement Dr. Garrison's original affidavit. Accordingly, in light of Dr. Garrison's supplemental affidavit, which sets forth how Dr. Garrison obtained personal knowledge of the events that took place during the delivery of K.J. and sets forth the basis for his opinions, the Court finds that Dr. Garrison's original affidavit should not be stricken but may be considered, in conjunction with Dr. Garrison's supplemental affidavit, for purposes of ruling on plaintiffs' Motion for Partial Summary Adjudication. The Court, therefore, finds that plaintiffs' motion to strike should be denied.

III.     Motion For Partial Summary Adjudication

     A.     Summary judgment standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

    B.    <u>Discussion</u>

In their reply, plaintiffs assert that the "undisputed material facts" set forth in their motion for partial summary adjudication should be deemed confessed because Dr. Wolford failed to follow Local Civil Rule 56.1(c) by failing to submit a statement of material facts which he alleges are controverted.  Local Civil Rule 56.1(c) provides:

> The brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section which contains a concise statement of material facts to which the party asserts genuine issues of fact exist.  Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies and, if applicable, shall state the number of the movant's facts that is disputed.  All material facts set forth in the statement of the material facts of the movant <u>may</u> be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.

LCvR 56.1(c) (emphasis added).

While Dr. Wolford's response does not begin with a section which contains a concise statement of material facts to which he asserts genuine issues of fact exist, his response does begin with a section entitled "Undisputed Material Facts."  Within this section are a number of material facts which directly dispute the "undisputed material facts" set forth in plaintiffs' motion for partial summary adjudication.  Further, the Court finds that it is clear from a review of Dr. Wolford's "undisputed material facts" which of plaintiffs' material facts Dr. Wolford is disputing.  Because the purpose of Local Civil Rule 56.1(c) has been served through Dr. Wolford's undisputed material

facts section, the Court finds that Dr. Wolford's technical noncompliance with Local Civil Rule 56.1 does not warrant deeming plaintiffs' "undisputed material facts" confessed.

### 1.   Use of vacuum extractor

Plaintiffs assert that Dr. Wolford's use of the vacuum extractor was negligent.  To establish a prima facie case of negligence, a plaintiff must show: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure properly to exercise or perform that duty, and (3) an injury to plaintiff proximately caused by the defendant's breach of that duty.  *Roberson v. Jeffrey M. Waltner, M.D., Inc.*, 108 P.3d 567, 569 (Okla. Civ. App. 2005) (citing *Nealis v. Baird*, 996 P.2d 438 (Okla. 1998)).[1]

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to Dr. Wolford and viewing all reasonable inferences in Dr. Wolford's favor, the Court finds Dr. Wolford has submitted sufficient evidence to create a genuine issue of material fact as to whether he failed properly to exercise or perform his duty to protect plaintiffs from injury.  In fact, Dr. Wolford has submitted an affidavit from Dr. Garrison, his expert witness, that Dr. Wolford's use of the vacuum extractor was within accepted standards of care.  The Court, accordingly, finds that plaintiffs should not be granted summary judgment on the issue of Dr. Wolford's use of the vacuum extractor.

### 2.   Informed consent

Plaintiffs assert that Dr. Wolford failed to obtain informed consent before initiating treatment on Stacy Price, thereby entitling plaintiffs to partial summary judgment on the issue of informed consent.

---

[1]The parties do not dispute that Dr. Wolford had a duty to protect plaintiffs from injury.

> [I]n a medical malpractice action a patient suing under the theory of informed consent must allege and prove:
> 1) defendant physician failed to inform him adequately of a material risk before securing his consent to the proposed treatment;
> 2) if he had been informed of the risks he would not have consented to the treatment;
> 3) the adverse consequences that were not made known did in fact occur and he was injured as a result of submitting to the treatment. As a defense, a physician may plead and prove plaintiff knew of the risks, full disclosure would be detrimental to patient's best interests or that an emergency existed requiring prompt treatment and patient was in no condition to decide for himself.

*Scott v. Bradford*, 606 P.2d 554, 559 (Okla. 1979).

Having carefully reviewed the parties' submissions, the Court finds Dr. Wolford has submitted sufficient evidence to create a genuine issue of material fact as to whether an emergency existed requiring prompt treatment and Stacy Price was in no condition to decide for herself. Accordingly, the Court finds that plaintiffs should not be granted summary judgment on the issue of informed consent.

IV.    Conclusion

For the reasons set forth above, the Court DENIES plaintiffs' Motion to Strike Defendant's Summary Judgment Evidence [docket no. 45] and DENIES plaintiffs' Motion for Partial Summary Adjudication [docket no. 31].

**IT IS SO ORDERED this 23rd day of May, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE