IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY PRICE and CHAD JAMES, individually and as parents and next friend, for the minor child, K. J., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DALE E. WOLFORD, D.O., )<br>)<br>Defendant. ) | Case No. CIV-07-1076-M |

## ORDER

Before the Court is defendant's Rule 702 "Daubert" Motion to Limit or Exclude Expert Testimony, filed May 1, 2008. On May 8, 2008, defendant filed a supplement to his motion. On May 19, 2008, plaintiffs filed their response, and on May 23, 2008, defendant filed his reply. An evidentiary hearing was held on June 6, 2008, during which Lon Huff, plaintiffs' life care planning expert, testified.

As part of the damages presentation in this case, plaintiffs hired Mr. Huff, an expert in rehabilitation, life care planning, and economic issues related to personal injury, to evaluate plaintiffs' damages and render expert opinions in this case. Defendant now moves this Court to bar the testimony of Mr. Huff.

Federal Rule of Evidence 702 governs the admissibility of scientific or technical expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and

>methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

Several factors may be considered by the trial court in assessing the reliability of proposed expert testimony. The "*Daubert* factors" that *may* be considered are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150.

In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." *Id.* (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)). Finally, for an expert to be qualified, the party offering the expert must show that the expert possesses "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (internal quotations and citations omitted).

Defendant first asserts that Mr. Huff is not qualified to testify as a life care planning expert. Having carefully reviewed the parties' submissions, and having heard the testimony of Mr. Huff, the Court finds Mr. Huff is qualified to testify as a life care planning expert. Since 1984, Mr. Huff

has owned his own company that coordinates care and medical case management. Further, Mr. Huff has been approved as a Certified Case Manager for the Oklahoma Workers' Compensation Court; as a case manager, Mr. Huff develops individualized case management plans, which includes developing life care needs assessments and their costs. Finally, over the past twenty years, Mr. Huff has prepared between 100 and 200 life care plans. While Mr. Huff does not have any formal education in life care planning, the Court finds Mr. Huff's twenty-plus years of experience in the field of life care planning makes him more than qualified to testify as an expert in the field.

Defendant next asserts that the methods and data Mr. Huff used in developing the life care plan in the instant case are not reliable. Having carefully reviewed the parties' submissions, and having heard the testimony of Mr. Huff, the Court finds that the life care plan at issue is based upon sufficient facts and/or data and is the product of reliable principles and methods and that Mr. Huff applied these principles and methods reliably to the facts and/or data. Defendant contends that the data Mr. Huff used to develop the life care plan is not validated by K. J.'s medical records and is based upon unverifiable hearsay. Mr. Huff, however, testified that the types of data upon which he relied in developing the life care plan in the instant case are the same types of data typically used when developing life care plans. The Court finds that the alleged shortcomings of the data used in developing the life care plan at issue go to the weight, and not the admissibility, of the life care plan and Mr. Huff's testimony; during cross-examination, defendant may thoroughly question Mr. Huff regarding all of the alleged shortcomings of the data used. Defendant further contends that the dollar values contained in the life care plan in the instant case are not reliable because they have not been reduced to present day value and Mr. Huff is not qualified to reduce said values. The Court finds that this alleged shortcoming of the life care plan also goes to the weight, and not the admissibility,

of the life care plan and Mr. Huff's testimony and that defendant may thoroughly question Mr. Huff regarding his failure to reduce the dollar values to present day value during cross-examination.

Accordingly, for the reasons set forth above, the Court DENIES defendant's Rule 702 "Daubert" Motion to Limit or Exclude Expert Testimony [docket no. 40].

**IT IS SO ORDERED this 24th day of June, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE