**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STACY PRICE and CHAD JAMES, individually and as parents and next friend, for the minor child, K. J., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DALE E. WOLFORD, D.O., )<br>)<br>Defendant. ) | Case No. CIV-07-1076-M |

**ORDER**

Before the Court is plaintiffs' Motion to Strike Defendant's Expert Witness Designation, filed May 1, 2008.  On May 7, 2008, defendant filed his response, and on May 8, 2008, plaintiffs filed their reply.  On June 2, 2008, pursuant to this Court's order, defendant filed his Advisement to the Court on Anticipated Testimony of Dr. Mark Garrison and Dr. Karen Reisig.  On June 3, 2008, plaintiffs filed their response to defendant's advisement.

Also before the Court is plaintiffs' Motion to Strike Defendant's Designation of Expert Witness, Mark Garrison, D.O., filed May 1, 2008.  On May 14, 2008, defendant filed his response, and on May 27, 2008, plaintiffs filed their reply.  On June 2, 2008, pursuant to this Court's order, defendant filed his Advisement to the Court Regarding the Need for a Daubert Hearing on Mark Garrison, D.O.  On June 3, 2008, plaintiffs filed their response to defendant's advisement.  A *Daubert*[1] hearing was held on June 6, 2008, during which Dr. Garrison testified.

Defendant has listed both Dr. Mark Garrison and Dr. Karen Reisig as expert obstetrical witnesses.  Plaintiffs have filed two motions to strike Dr. Garrison as an expert witness in this case

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

based upon (1) the duplicative and cumulative nature of Dr. Garrison and Dr. Reisig's testimony, (2) defendant's failure to timely provide an expert report from Dr. Garrison which complies with Federal Rule of Civil Procedure 26(a)(2), and (3) Dr. Garrison's lack of qualifications to offer opinions regarding fetal reserve.

I.      Duplicative/Cumulative Nature of Testimony

Plaintiffs assert that the testimony of Drs. Garrison and Reisig would be duplicative and cumulative because both doctors are specialists in the same field, obstetrics and gynecology, and will be testifying regarding the same issues, standard of care and causation.  "While district judges have broad discretion to exclude expert witnesses, they may not do so arbitrarily, or on the basis of mere numbers."  *Nalder v. West Park Hosp.*, 254 F.3d 1168, 1173 (10th Cir. 2001).  Having carefully reviewed the parties' submissions, and particularly defendant's Advisement to the Court on Anticipated Testimony of Dr. Mark Garrison and Dr. Karen Reisig, the Court finds the anticipated testimony of Drs. Garrison and Reisig is not clearly duplicative or cumulative and Dr. Garrison, accordingly, should not be stricken as an expert witness in this case on this basis.  The Court further finds that the mere overlapping qualifications of Drs. Garrison and Reisig and the possibility that some duplicative testimony could result is not sufficient to warrant the striking of Dr. Garrison as an expert witness.

II.     Expert Report

Plaintiffs contend that defendant failed to comply with the requirements of Rule 26(a)(2) in relation to Dr. Garrison's expert report.  Specifically, plaintiffs contend that Dr. Garrison's expert report was not signed, did not identify the data or other information considered by him in forming his opinions, failed to outline Dr. Garrison's qualifications, failed to provide Dr. Garrison's fee

schedule, and failed to provide a list of cases in which Dr. Garrison has testified at trial or by deposition within the preceding four years. Based upon the above-referenced deficiencies, plaintiffs assert Dr. Garrison should be stricken as an expert witness in this case. In his response, defendant states that on May 6, 2008, prior to Dr. Garrison's deposition, plaintiffs were provided with Dr. Garrison's fee schedule, case listings, current curriculum vitae, and a statement of information considered by Dr. Garrison when forming his opinions and were advised of Dr. Garrison's intent to sign his expert report at his deposition. Defendant further asserts that because all of the required expert disclosures have now been provided, plaintiffs will not be unfairly prejudiced.

Having carefully reviewed the parties' submissions, the Court, while not condoning defendant's delay in complying with Rule 26(a)(2), finds that Dr. Garrison should not be stricken as an expert witness in this case based upon defendant's untimely compliance with Rule 26(a)(2). The Court specifically finds that plaintiffs will not be unfairly prejudiced if Dr. Garrison is allowed to testify. Plaintiffs have now been provided all of the required information and have had an opportunity to depose Dr. Garrison. Further, the Court allowed plaintiffs to raise any *Daubert* concerns after the deadline for filing *Daubert* motions and, in fact, actually conducted a *Daubert* hearing in relation to Dr. Garrison's testimony.

III.     Qualifications

Plaintiffs contend that Dr. Garrison is not qualified to offer opinions regarding fetal reserve. Plaintiffs assert that such opinions may only be offered by a neonatologist, neuroradiologist, or placental pathologist.

At the *Daubert* hearing, Dr. Garrison testified that he has been board certified in obstetrics and gynecology from 1994 to the present and has been in private practice since 1992. Dr. Garrison

further testified that since he has been in private practice, he has reviewed fetal monitoring strips on a daily basis and his opinions on fetal monitoring strips which indicate cord compression have been requested on a daily basis. Dr. Garrison also testified that his opinion in this case regarding fetal reserve is an obstetrical opinion based on his review of the fetal monitoring strip, based on his experience, and based on reasonable obstetrical principles.

Having carefully reviewed the parties' submissions, and having heard Dr. Garrison's testimony, the Court finds that Dr. Garrison is qualified to testify regarding fetal reserve based upon the fetal monitoring strip.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiffs' Motion to Strike Defendant's Expert Witness Designation [docket no. 41] and plaintiffs' Motion to Strike Defendant's Designation of Expert Witness, Mark Garrison, D.O. [docket no. 42].

**IT IS SO ORDERED this 24th day of June, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE