## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY PRICE and CHAD JAMES, individually and as parents and next friend, for the minor child, K.J., <br><br> Plaintiffs, <br><br> vs. <br><br> DALE E. WOLFORD, D.O., <br><br> Defendant, <br><br> vs. <br><br> OKLAHOMA HEALTH CARE AUTHORITY, <br><br> Intervenor Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-07-1076-M |

## **ORDER**

On July 24, 2008, plaintiffs and defendant filed a Joint Request for an Order Approving Settlement Agreement and Release, Minor's Compromise, Apportionment and Allowance of Attorney Fees and Costs, and Determination of Amount Attributable to Medical Payments with Extinguishment of Medicaid Lien [docket no. 115]. On August 6, 2008, the Court conducted a friendly suit regarding the parties' joint request. Counsel for intervenor defendant Oklahoma Health Care Authority ("OHCA") appeared at the friendly suit and objected to the amount of the settlement which was specifically apportioned in full satisfaction of OHCA's Medicaid lien claim for medical payments. The Court directed the parties to brief the issue, and the matter has now been fully briefed.

The Oklahoma Medicaid Recovery Statute provides, in pertinent part:

> If the injured or diseased person asserts or maintains a claim against another person or tortfeasor on account of the injury or disease, the Authority:
>
> 1. Shall have a lien upon payment of the medical assistance to the extent of the amount so paid upon that part going or belonging to the injured or diseased person of any recovery or sum had or collected or to be collected by the injured or diseased person up to the amount of the damages for the total medical expenses, or by the heirs, personal representative or next of kin in case of the death of the person, whether by judgment or by settlement or compromise. The lien authorized by this subsection shall:
>
> \*       \*       \*
>
> d. be applied and considered valid as to the entire settlement, after the claim of the attorney or attorneys for fees and costs, unless a more limited allocation of damages to medical expenses is shown by clear and convincing evidence; . . . .

Okla. Stat. tit. 63, § 5051.1(D)(1)(d). Further, the United States Supreme Court has held that a State may not lay claim to more than that portion of a Medicaid recipient's settlement that represents payments for medical care. *Ark. Dept. of Health and Human Servs. v. Ahlborn*, 547 U.S. 268 (2006).

The OHCA asserts that pursuant to the Oklahoma Medicaid Recovery Statute and *Ahlborn*, it is entitled to recover under its lien all portions of the settlement in this case that have been allotted for medical care.[1] Specifically, in addition to the amount specifically set aside for OHCA's lien, OHCA asserts that it is also entitled to the amounts specifically set aside for plaintiffs Stacy Price and Chad James and the amount specifically set aside for K. J.'s future medical expenses. Further,

---

[1] In its brief, OHCA asserts that it is entitled to the full amount of its lien; however, at the friendly suit, OHCA's counsel specifically stated that OHCA was only seeking that portion allotted in the settlement agreement for medical care.

OHCA contends that plaintiffs and defendant have not shown the allocation of damages set forth in the settlement agreement by clear and convincing evidence.

Having carefully reviewed the parties' submissions, and having heard the testimony presented and the arguments of counsel at the friendly suit, the Court finds that plaintiffs and defendant have shown the allocation of damages set forth in the settlement agreement by clear and convincing evidence. Even taking a modest reasonable value of plaintiffs' claims in this case, the settlement with defendant amounts to approximately one-thirteenth of that value, and the amount specifically set forth for OHCA's lien is approximately one-fourteenth of the amount of OHCA's lien. The Court finds that plaintiffs and defendant's allotment of damages does not subvert OHCA's interests and does not amount to a manipulation of the settlement allotment.

However, pursuant to the Oklahoma Medicaid Recovery Statute and *Ahlborn*, the Court finds that OHCA is entitled to recover under its lien all portions of the settlement that have been allotted for payment of medical expenses K. J. has incurred. In addition to the portion specifically allotted for satisfaction of OHCA's lien, the settlement allots a sum to be paid to plaintiff Chad James for medical payments. Because the sum allotted to plaintiff Chad James is for payment of medical expenses incurred, the Court finds that OHCA is entitled to recovery of this sum. However, because the sum allotted to plaintiff Stacy Price is not designated for payment of medical expenses incurred, the Court finds that OHCA is not entitled to recovery of this sum. Finally, the Court finds that OHCA is not entitled to recovery of the sum allotted for payment of K. J.'s future medical expenses, as this sum is for future medical expenses yet to be incurred and not for past medical expenses incurred.

Accordingly, the Court finds that the OHCA is entitled to recovery of the sum specifically allocated to OHCA and to plaintiff Chad James in the settlement agreement in full satisfaction of its lien claim.

**IT IS SO ORDERED this 23rd day of October, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE