# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY PRICE and CHAD JAMES, individually and as parents and next friend, for the minor child, K.J., <br><br> Plaintiffs, <br><br> vs. <br><br> DALE E. WOLFORD, D.O., <br><br> Defendant, <br><br> vs. <br><br> OKLAHOMA HEALTH CARE AUTHORITY, <br><br> Intervenor Defendant. | Case No. CIV-07-1076-M |

## **ORDER**

Before the Court is intervenor defendant Oklahoma Health Care Authority's ("OHCA") Motion to Vacate, Alter or Otherwise Amend Order and Brief in Support, filed November 6, 2008. On November 19, 2008, defendant filed his response; on November 24, 2008, plaintiffs filed their response, and on December 3, 2008, the OHCA filed its reply. Based upon the parties' submissions, the Court makes its determination.

After conducting a hearing on August 6, 2008 and receiving further briefs from the parties, including the OHCA, the Court issued an order on October 23, 2008, finding that the OHCA is entitled to recovery of the sum specifically allocated to the OHCA and to plaintiff Chad James in the settlement agreement in full satisfaction of its lien claim.[1]  *See* October 23, 2008 Order [docket

---

[1] The amount the Court found the OHCA was entitled to recover was approximately $450,000 less than its lien.

no. 126]. Also on October 23, 2008, the Court issued an order approving the settlement and extinguishing the OHCA's lien. *See* October 23, 2008 Order [docket no. 127]. Pursuant to Federal Rule of Civil Procedure 59(e), the OHCA now moves this Court to reconsider the above-referenced orders.

Grounds warranting a motion under Federal Rule of Civil Procedure 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The OHCA first asserts that it was not afforded the opportunity to participate in this action as a party once the Court ordered its intervention as a party defendant. Specifically, the OHCA asserts that it was entitled, but not given the opportunity, to file its answer and counterclaim, engage in discovery, raise relevant issues, present evidence, or challenge evidence.

While the OHCA's assertion appears, at first blush, sound, a review of the record in this case shows that this assertion is inapplicable to the specific facts and procedural history in this case and, thus, is without merit. On August 6, 2008, the Court conducted a Friendly Suit Hearing in this case. At the hearing, Heather Poole, an attorney with the OHCA, appeared and objected to the settlement agreement. Transcript of Friendly Suit at p. 23, ln. 15 - p. 27, ln. 10. At the conclusion of the hearing, the Court requested the parties, including the OHCA, to file briefs regarding their positions as to the OHCA's objection to the settlement. *Id.* at p. 33, ln. 10 - p. 34, ln. 14. Because the OHCA was not a party to the case, Ms. Poole raised the issue that the OHCA would not, therefore, be able

to file a brief in the case without being granted leave to intervene. *Id.* at p. 34, ln. 17-22. The Court granted the OHCA leave to file a motion to intervene so that it could file the requested brief regarding its objection to the settlement. *Id.* at p. 34, ln. 23-25. Thus, as is clear from a review of the transcript, the OHCA was seeking to intervene in this case simply for the purpose of being able to file a brief regarding its objection to the settlement and was not seeking to intervene in order to conduct discovery and try the issues it was raising in opposition to the settlement. Any assertion the OHCA makes to the contrary misrepresents the discussion and agreement made by the parties, the OHCA, and the Court at the hearing. Accordingly, the Court finds the OHCA's assertion that it was not provided an opportunity to participate in this action once the Court ordered its intervention provides no basis to reconsider the Court's October 23, 2008 orders.

The OHCA next addresses the merits of the Court's decision and asserts that the Court should have applied Oklahoma law in making its decision. Having reviewed the parties' submissions, the Court finds the OHCA's assertion is without merit. A review of the Court's October 23, 2008 Order regarding the amount the OHCA was entitled to under the settlement clearly shows that the Court applied Oklahoma law, specifically the Court applied the Oklahoma Medicaid Recovery Statute. Additionally, the Court finds that there has not been any intervening change in the controlling law and that the OHCA simply revisits issues already addressed and advances arguments that could have been raised in prior briefing. Accordingly, the Court finds no need to reconsider its October 23, 2008 orders on this basis.

Finally, the OHCA asserts that this Court no longer has jurisdiction over this matter because once the OHCA intervened, there was no longer diversity of citizenship. Where jurisdiction of the original action is founded on diversity, the citizenship of the intervening party will not divest the

Case 5:07-cv-01076-M   Document 136   Filed 06/15/09   Page 4 of 4

court of jurisdiction. *See Black v. Tex. Employers Ins. Ass'n*, 326 F.2d 603 (10th Cir. 1964). Accordingly, the Court finds that it did not lose jurisdiction over this matter after the OHCA was allowed to intervene.

Therefore, for the reasons set forth above, the Court DENIES the OHCA's Motion to Vacate, Alter or Otherwise Amend Order [docket no. 128].

**IT IS SO ORDERED this 15th day of June, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

4